# UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

RICU LLC,

     *Plaintiff-Appellant*

v.

UNITED STATES DEPARTMENT
OF HEALTH AND HUMAN
SERVICES, ET AL.

     *Defendants-Appellees*

Case No. 21-5186

## APPELLANT'S UNOPPOSED MOTION
## FOR EXPEDITED CONSIDERATION OF THIS APPEAL

Pursuant to 28 U.S.C. § 1657(a) and D.C. Cir. Rule 47.2(a), Appellant RICU

LLC respectfully moves the Court to adopt an expedited schedule for briefing and

argument in this matter, according to the following schedule:

| | |
|---|---|
| Appellant's Opening Brief: | September 27, 2021 |
| Joint Appendix: | September 27, 2021 |
| Appellees' Answer Brief: | October 27, 2021 |
| Appellant's Reply Brief: | November 8, 2021 |
| Oral argument: | As soon as practicable upon completion of briefing. |

Appellant has consulted with Appellees and all parties consent to this expedited

schedule.  Additionally, all parties stipulate that they will not file any dispositive

motions, and consent to have this appeal placed in the Court's stand-by pool for oral

argument.  *See* D.C. Circuit Handbook of Practice and Internal Procedures § X.E.4 (March 16, 2021).

In support of this motion, RICU states as follows:

1.      The United States has long had a shortage of critical-care doctors—the doctors who treat patients in the Intensive Care Unit (ICU)—which means critically ill patients often do not get the care they need, especially in rural areas.  The COVID-19 pandemic has driven this reality home to all Americans, as they have watched their local hospital ICUs become overwhelmed by too many desperately ill patients and too few critical-care doctors.

2.      RICU is a healthcare company that, through highly sophisticated and reliable telehealth technology, provides U.S. hospitals with ICU doctors.  RICU's doctors have all been trained in the United States, are licensed and board-certified in the United States, and serve as permanent staff at the American hospitals where they provide care.  But these doctors live abroad and thus their physical location is outside the United States as they deliver care inside the United States.

3.      Medicare reimburses for certain telehealth services pursuant to 42 U.S.C. § 1395(m) (the "Telehealth Statute").  Traditionally, Medicare has not included ICU telehealth as a reimbursable service.  As the COVID-19 pandemic overwhelmed the country, however, the Department of Health and Human Services

instituted a waiver to include ICU telehealth as payable under Medicare (the "Telehealth Waiver").

4.      With the Telehealth Waiver in place, RICU believed that it could expand its services with existing clients and to hospitals that cannot afford ICU telehealth without Medicare coverage.  But HHS instead adopted a policy that disallows payment for telehealth services if the physician (but not the patient) is physically located outside the United States.

5.      RICU filed suit in the United States District Court for the District of Columbia, contending that HHS's policy violates the Administrative Procedure Act as contrary to law and as arbitrary and capricious agency action.  RICU concurrently filed an application for a preliminary injunction.  In support that application, RICU contended, inter alia, that an injunction was in the public interest because HHS's policy was reducing the number of critical-care doctors available to COVID-19 patients during the pandemic—and thus the injunction could save lives.

6.      In response to the complaint and preliminary injunction motion, HHS moved to dismiss, contending, inter alia, that the district court lacked subject matter jurisdiction.  The district court granted the motion to dismiss and denied the application for a preliminary injunction, holding that the court lacked subject matter jurisdiction to hear RICU's claims.

7.     RICU is entitled to expedited treatment of this appeal pursuant to 28 U.S.C. § 1657(a), which requires the Court to "expedite the consideration of ... any action for temporary or preliminary injunctive relief[.]" *See also* D.C. Cir. Rule 47.2(a); D.C. Circuit Handbook of Practice and Internal Procedures § III.J (March 16, 2021) (recognizing that appeals of an action for preliminary injunctive relief "are to be expedited"); *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1084 n.8 (D.C. Cir. 2001) ("[U]nder 28 U.S.C. § 1657(a), the granting or denying of a preliminary injunction is the basis for an expedited appeal[.]").

8.     Moreover, good cause exists for expedited treatment because time is of the essence.  It was undisputed below that the United States has long had a shortage of critical-care doctors, that the pandemic has greatly exacerbated this shortage, and that more and better ICU care saves lives, especially during the current COVID-19 pandemic.  Thus, the entitlement to a preliminary injunction in this case is a matter of urgency and public significance, warranting expedited consideration.

9.     The government takes no position at this time with regard to RICU's arguments in support of a need to expedite this appeal, but nevertheless consents to adopt the proposed expedited schedule.

## CONCLUSION

For the foregoing reasons, Appellant respectfully requests that the Court to expedite proceedings in the instant appeal.

Dated: September 3, 2021                    Respectfully submitted,

                                           */s/ Jesse Panuccio*
                                           ───────────────────────
David Boies                                Jesse Panuccio
BOIES SCHILLER FLEXNER LLP                 Scott E. Gant
333 Main Street                            BOIES SCHILLER FLEXNER LLP
Armonk, NY 10504                           1401 New York Avenue, NW
(914) 749-8200                             Washington, DC  20005
dboies@bsfllp.com                          (202) 237-2727
                                           jpanuccio@bsfllp.com

                                           *Counsel for RICU LLC*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6).  The motion is composed in a 14-point proportional typeface, Times New Roman, and complies with the word limit of Fed. R. App. P. 27(d)(2)(A) and D.C. Circuit Rule 27(a)(2), because it contains 758 words.


/s/ *Jesse Panuccio*
Jesse Panuccio

## CERTITIFICATE OF SERVICE

I, Jesse Panuccio, hereby certify that on September 3, 2021, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the D.C. Circuit by using the CM/ECF system and that service will be accomplished by the CM/ECF system.

/s/ *Jesse Panuccio*
Jesse Panuccio